IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

HOPE DAYHOFF,                               )
                                            )  C.A. No.  K11C-07-012 JTV
                    Plaintiff,              )
                                            )
         v.                                 )
                                            )
STATE FARM FIRE AND CASUALTY                )
COMPANY, a foreign corporation,             )
                                            )
                    Defendant.              )

Submitted: August 19, 2014
Decided: October 1, 2014

Keith E. Donovan, Morris James LLP, Dover, Delaware.  Attorney for Plaintiff.

Brian T. McNelis, Esq., Young & McNelis, Dover, Delaware.  Attorney for Defendant.

*Upon Consideration of the Plaintiff's*
*Motion to Modify Judgment*
**GRANTED**

**VAUGHN, President Judge**

**ORDER**

Upon consideration of the plaintiff's Motion to Modify Judgment, the defendant's opposition thereto, and the record of this case, it appears that:

1. This motion relates to an uninsured motorist claim that the plaintiff filed against her insurance company, defendant State Farm Fire and Casualty, for injuries that she sustained in a July 19, 2009 motor vehicle accident. Liability for some amount of damages was undisputed. A jury was asked to determine damages. On November 14, 2013, the jury awarded the plaintiff $125,000.

2. On December 12, 2013, the plaintiff filed a Motion to Modify Judgment. In her motion, the plaintiff requests that the $125,000 judgment be reduced to $100,000, which she contends is the applicable limit in the insurance policy issued to her by the defendant.

3. The defendant does not oppose the plaintiff's Motion to Modify Judgment, but opposes the modification amount. The defendant contends that the policy limit for UM/UIM coverage was $50,000 per person and, therefore, requests that the judgment be modified to $50,000.

4. Both parties have documentation which supports their respective positions. The plaintiff has a sworn certificate issued by State Farm dated March 26, 2012, during this litigation, which certifies that the plaintiff had uninsured motorist coverage of $100,000. Attached to the certificate is a copy of a declarations page for the policy period showing uninsured motorist coverage of $100,000. The defendant contends that this certificate and the declarations page were issued in error. It has a State Farm form, filled in by hand and bearing the signature of Allan Dayhoff, the

plaintiff's late husband, dated March 25, 2009, which makes a selection of uninsured motorist coverage of $50,000.  The policy period involved is the period from March 20, 2009 to September 20, 2009.  The defendant also has produced a policy master record which indicates that the policy was U 50/100/10, thus also supporting the defendant's contention.  The defendant has also produced an email dated July 1, 2014, which begins "[t]his is from underwriting.  The changes were effective 3-25-09."  It shows the premium for $100,000 of coverage and the premium for $50,000 of coverage, and shows a credit for the difference.  The defendant's Form 30 interrogatory answers also state $50,000.  The plaintiff, however, has also produced her bank records which show that the plaintiff paid premiums to State Farm on a monthly basis during the policy period in question totaling $1,032.17.  The plaintiff had two separate policies, one on her auto and one on her home.  From the plaintiff's submission, it seems clear that the premium paid on the homeowners policy during the policy period in question was $219 ($36.5 per month X 6 months).  The remainder of the above-mentioned $1,032.17 must be attributable to the auto policy.  Thus it appears that the plaintiff actually paid $813.17 of auto policy premiums.  Both parties agree that the premium on $100,000 of uninsured motorist coverage was $815.59, and the premium on $50,000 of coverage was $648.01.  Thus the amount paid was within $2.42 of the premium for $100,000 of coverage.  While the email from the defendant dated July 1, 2014 shows a credit  of $167.58, which is the difference between the premiums for $100,000 and $50,000, why the premium was not adjusted during the 03/20/09 to 09/20/09 policy period or how the credit was actually transferred to the plaintiff are not explained.

*Dayhoff v. State Farm*
C.A. No.   K11C-07-012
October 1, 2014

      5.      Since it appears that the plaintiff actually paid a premium substantially equivalent to coverage of $100,000, my ruling is that the plaintiff's Motion to Modify the Judgment to $100,000 is ***granted***.  The defendant's contention that it should be $50,000 is rejected.

      **IT IS SO ORDERED**.

   /s/   James T. Vaughn, Jr.    

President Judge

cc:    Prothonotary
        Order Distribution
        File